Lloyd W. Fenwick v. Commissioner.
Fenwick v. Commissioner
Docket No. 60816.
United States Tax Court
T.C. Memo 1957-36; 1957 Tax Ct. Memo LEXIS 214; 16 T.C.M. (CCH) 162; T.C.M. (RIA) 57036; February 28, 1957
*214 Donald H. Kelley, Esq., for the petitioner. Drew R. Tillotson, Esq., for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: The Commissioner determined deficiencies in income tax against Lloyd W. Fenwick, hereinafter referred to as the petitioner, in the years and amounts as follows: Year
Deficiency
1951
$269.00
1952
332.69
1953
315.54
Petitioner claimed dependency exemptions for his two children, Barbara Jean and Elaine Diane Fenwick, hereinafter referred to as Barbara and Elaine, on his income tax returns for the years 1951, 1952 and 1953. The Commissioner disallowed the dependency credits claimed on the ground that the petitioner did not provide more than one-half of the support of the two children as required by section 25(b)(3) of the Internal Revenue Code of 1939. [1] Whether petitioner furnished one-half of such support is the only issue in this case. *215 [Findings of Fact] The petitioner is an individual who resided in North Platte, Nebraska, in 1951, 1952 and 1953. Petitioner filed timely income tax returns with the then collector of internal revenue for the district of Nebraska for the calendar year 1951, and his income tax returns for the calendar years 1952 and 1953 were timely filed with the director of internal revenue at Omaha, Nebraska. The petitioner's two children, Barbara and Elaine, were born to the petitioner and his ex-wife, Diana M. Wade, in 1939 and 1942, respectively. The petitioner and Diana M. Wade were divorced in April of 1949. Subsequent to this time, Diana M. Wade married Grant Wade and during the tax years involved herein Barbara and Elaine lived with their mother and stepfather in accordance with the terms of the divorce. Grant Wade and Diana M. Wade also claimed Barbara and Elaine as dependency exemptions in 1951, 1952 and 1953. In accordance with the divorce decree the petitioner was ordered to furnish $75 per month or $900 per year for the support of his two daughters. In pursuance thereto, we find that petitioner contributed $450 in each of the years in question for the support of each of his *216 two daughters, or a total of $900 per year. During the years in question, Grant and Diana Wade had funds available for support expenditures in the approximate amounts of $5,580, $4,700, and $5,000, respectively. Also during each of the years in question, we find that Diana M. Wade and her husband contributed from their own funds amounts in excess of $600 for each of the daughters, Barbara and Elaine. [Opinion] Our issue is solely one of fact. Did the petitioner contribute more than half of the support for Barbara and Elaine, or didn't he? The respondent determined that he did not. No citation is necessary for the proposition that the determination of the Commissioner is presumed to be correct. Petitioner here, in order to overcome this presumption, was required to show that the support furnished by him was in excess of the support furnished by Grant and Diana Wade. We think that he has failed to do this. Diana M. Wade's testimony concerning expenditures for the support of Barbara and Elaine over the years in question was frank and sincere. We feel that the amounts contributed for the support of Barbara and Elaine from the personal funds of Diana and Grant Wade, even by conservative *217 estimates, far exceeded the amounts contributed by the petitioner. The schedules of contributions by Diana and Grant Wade were based on receipts, accounts and necessarily on estimates to some degree, but we feel that the estimates were reasonable and fair. We do not feel that it is necessary to go into great detail as to petitioner's testimony. Suffice it to say that petitioner has not sustained the burden of proof and the Commissioner's determination must stand. Decision will be entered for the respondent. Footnotes
1. SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME. * * *
(b) Credits for Both Normal Tax and Surtax. - (1) Credits. - There shall be allowed for the purposes of both the normal tax and the surtax, the following credits against net income: * * *
(D) An exemption of $600 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, * * *
(3) Definition of Dependent. - As used in this chapter the term "dependent" means any of the following persons over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer: (A) a son or daughter of the taxpayer, or a descendant of either, * * *.↩